OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MORTENSON

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MORTENSON
2021 OK 47
Case Number: SCBD-7095
Decided: 09/27/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 47, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

Â 

Â 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Thomas A. Mortenson, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

Â¶1 On July 15, 2021, the Complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the respondent, Thomas A. Mortensen, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP. The Complaint alleged instances of trust account improprieties including failures to remit settlement funds to clients and lienholders, endorsements without permission, payment of personal expenses from the client trust account, commingling personal funds with client funds, withdrawals without documentation of the source, and failures to safe keep client settlement funds for distribution. The OBA also requested an Order prohibiting Respondent from withdrawing funds from his client trust account until an audit may be performed.

Â¶2 On July 16, 2021, this Court ordered Respondent to show cause why an order of immediate interim suspension should not be entered. Respondent filed a Response to the Order to Show Cause, requesting that the motion for interim suspension be denied. Respondent alleged that trust funds in some grievances have been fully distributed, that Respondent has been actively trying to settle and distribute funds, some funds could not be distributed due to bankruptcy laws, and that Respondent had a reasonable belief that some matters were fully resolved.

Â¶3 On August 3, 2021, this Court assigned the matter to the Professional Responsibility Tribunal for a hearing and recommendation as to whether an Order of Immediate interim Suspension should be entered. A hearing was held and the Trial Panel filed its Report and Recommendation on September 20, 2021, recommending that the Complainant's application for an immediate interim suspension pursuant to Rule 6.2A be granted. The Tribunal noted that Respondent had not refuted substantial evidence supporting the allegations of the Complaint and Request for Emergency Interim Suspension. The Tribunal concluded that Complainant had presented sufficient evidence to demonstrate that Respondent had committed conduct in violation of the Oklahoma Rules of Professional Conduct and that his conduct posed an immediate threat of substantial and irreparable public harm.

Â¶4 Upon consideration of the OBA's Rule 6.2 verified complaint and application for an order of immediate interim suspension, the evidence presented, and the Trial Panel's Report and Recommendation, the Court finds that Respondent's conduct poses an immediate threat of substantial and irreparable public harm.

Â¶5 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Thomas A. Mortensen is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP. It is further ordered that Respondent is prohibited from withdrawing funds from his client trust account until an audit may be performed.

Â¶6 Respondent Thomas A. Mortensen is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of his clients having legal business then pending of his inability to represent them and the necessity for promptly retaining new counsel. If Thomas A. Mortensen is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within 20 day from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.

Â¶7 DONE BY ORDER OF THE SUPREME COURT in conference on September 27, 2021.

/S/CHIEF JUSTICE

Darby, C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ., concur;

Kane, V.C.J., recused.